(53 Misc. Rep. 255)

### HILL et al. v. MULLER et al.

(Supreme Court, Appellate Term. March 14, 1907.)

APPEAL—DECISIONS REVIEWABLE—SUBSTANTIAL RIGHTS.

On a former appeal an interlocutory judgment overruling a demurrer was affirmed, and subsequently the Appellate Term made an order granting defendant leave to plead over on payment of the costs in the court below. After affirmance of the judgment and before resettlement of the order, plaintiff entered a final judgment in an action against defendant. Defendant's motion to set aside this judgment was granted, and both parties handed up orders for signature, which were inadvertently signed by the justice. Defendant's order recited that the motion "is hereby granted in all respects, that the final judgment * * * be, and it is, hereby vacated, and that the clerk of this court * * * is directed to mark on the judgment docket * * * that the aforesaid judgment is vacated." Plaintiff's order recited "that the motion to vacate the final judgment * * * be, and the same is, hereby granted. * * *" Subsequently the justice, on discovering that he had signed two orders, destroyed that presented by defendant. Held that, as the two orders are substantially alike, an order denying defendant's motion to have filed and entered a copy of the destroyed order does not affect the substantial right of defendant and is not an appealable order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 612–641.]

Appeal from City Court of New York, Special Term.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

John Oscar Ball, for appellant.
Chester A. Bayles, for respondents.

HENDRICK, J. This is an appeal from an order of the City Court denying the defendant's motion to have a copy of a destroyed order, filed in the clerk's office of that court, in the place and with the same legal effect as the original order, which had been filed, but was destroyed under the following circumstances:

The Appellate Term affirmed an interlocutory judgment overruling a demurrer, and by its first order failed to grant leave to the defendant to plead over. Subsequently, the defendant having moved for a re-settlement of such order, the Appellate Term made an order granting leave to the defendant to plead over upon payment of the costs of the appeal and the costs in the court below within six days. It appears that the plaintiffs, after the affirmance of the judgment overruling the demurrer by the Appellate Term, had entered a final judgment in the action against the defendant, and this judgment the defendant, after the entry of the resettled order permitting the defendant to plead over, moved to vacate. This motion was granted, and both parties handed up orders for signature. By inadvertence the justice hearing the motion signed both orders, and they were both filed in the clerk's office; but it does not appear that either order had been entered. The defendant's order, after reciting the preliminary facts, reads as follows:

"It is ordered that the motion be, and the same is, hereby granted in all re-spects, that the final judgment ＊ ＊ ＊ be and it hereby is vacated, and that the clerk of this court be and he hereby is directed to mark on the judgment docket of this court that the aforesaid judgment is vacated by order of the court."

The plaintiffs' order, so far as we need consider it, reads as follows:

"It is ordered that the motion to vacate the final judgment ＊ ＊ ＊ be, and the same is, hereby granted, and the stay obtained by Chas. Muller be, and the same is, hereby vacated."

The stay referred to in the order was one obtained by the defendant, staying the plaintiffs pending a motion made by the defendant in the Appellate Division for leave to appeal. After the orders were filed the attention of the justice was called to the fact that he had signed two orders, and, as appears from the opposing affidavit used on the motion, which statement contained therein the court below had a right to believe, he then, in the presence of the plaintiffs' attorney and a representative from the defendant's attorney's office, sent for the two orders, and, after examining them, declared that the plaintiffs' order was the proper order, and that he never intended to sign the order proposed by the defendant, and thereupon destroyed the plaintiffs' order, and instructed the representatives of the parties there present to inform the clerk that he had so destroyed it. To this action it does not appear that the defendant's representative offered any protest or exception, and the act of the justice was evidently done in perfect good faith, although the proper practice would have been to have made an order vacating the plaintiffs' order.

It will be observed that the two orders in their effect are substantially alike. The defendant's order, so far as it directs the clerk to vacate the judgment, contains the proper recitals, and the plaintiffs' order is deficient in that respect; but we think there can be no question but that, under the recital in the plaintiffs' order, the clerk would have been justified in entering, opposite the judgment on the docket of judg-ments, the words "Vacated by order of the court," upon request being made of him so to do. So far as the order of the plaintiff vacating the stay is concerned, it is undoubtedly correct. We fail to see, there-

fore, how the denial of the defendant's motion to have filed and entered a copy of the destroyed order affects a substantial right of the defendant, and, unless it does so, it is not an appealable order. Section 1342, Code Civ. Proc. The defendant had an ample remedy to correct the plaintiffs' order, if he so desired and considered it essential, by a motion to resettle the same; and if such motion was denied, and the defendant was injured in a substantial right by such denial, an appeal would lie. We think the order now appealed from, under the circumstances shown by the recital, is not an appealable one, and the appeal must be dismissed, with $10 costs and disbursements.

Appeal dismissed, with $10 costs and disbursements. All concur.